UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| VERONICA LAFANETTE | CIVIL ACTION NO. 2:19-cv-00033 |
| VERSUS | JUDGE JUNEAU |
| IMMACULATE CONCEPTION CATHEDRAL SCHOOL BOARD AND CHRISTI JARREAU | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

This lawsuit originated in Louisiana state court. The defendants removed it to this forum, alleging that the suit presents a federal question. The time limit for filing a motion to remand expired without the plaintiff seeking remand. This Court then conducted a *sua sponte* jurisdictional review. Unable to determine whether a federal question was presented, this Court ordered the defendants to file a memorandum in support of their contention that the court has subject-matter jurisdiction over this action. The defendants complied with the order. (Rec. Doc. 14). The plaintiff was afforded an opportunity to respond, but did not do so. Having reviewed the defendants' arguments, this Court now finds that no federal question was presented on the face of the plaintiff's complaint and recommends that the lawsuit be remanded to state court for lack of subject-matter jurisdiction.

"Federal courts are courts of limited jurisdiction. Absent jurisdiction conferred by statute, district courts lack power to consider claims."[1] Federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[2] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[3] A suit is presumed to lie beyond the scope of federal-court jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[2] Similarly, any doubts regarding whether removal jurisdiction is proper should be resolved against federal-court jurisdiction.[3] The party invoking the court's subject-matter jurisdiction has the burden of establishing the court's jurisdiction.[4] Thus, when a lawsuit has been removed from

---

[1] *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). See, also, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[2] 28 U.S.C. § 1331.

[3] 28 U.S.C. § 1332.

[2] *Kokkonen v. Guardian Life*, 511 U.S. at 377; *Howery v. Allstate*, 243 F.3d at 916.

[3] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[4] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961).

state court, as this suit has, the removing parties must bear that burden.[5] Accordingly, the removing defendants have the burden of establishing that this court has subject-matter jurisdiction over this action.

In this case, there is no allegation of diversity jurisdiction; thus, there must be federal-question jurisdiction for removal to be proper.[6] Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[7] Whether a claim arises under federal law so as to confer federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[9] Under the well-pleaded complaint rule, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action."[10] The well-pleaded complaint rule

---

[5]     *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

[6]     *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).

[7]     28 U.S.C. § 1331.

[9]     *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). See, also, *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188 (5th Cir. 2001); *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998).

[10]    *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002). See, also, *Saadat v. Landsafe Flood Determination, Inc.*, 253 Fed. App'x 343, 344 (5th Cir. 2007).

makes the plaintiff the master of his complaint, allowing him to avoid federal-court jurisdiction by relying exclusive on state law.[8]

"Since a defendant may remove a case only if the claim could have been brought in federal court,. . . the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'"[9] If a plaintiff chooses not to present a federal claim, even though one is potentially available, the defendant may not remove the case from state to federal court.[10] Asserted or anticipated defenses set forth in a defendant's answer or notice of removal do not provide a basis for federal question jurisdiction.[11] In other words, jurisdiction generally may not be sustained on a theory that the plaintiff has not advanced.[12]

There are exceptions to the "well-pleaded complaint" rule. One is the artful pleading doctrine, in which removal is not defeated by the plaintiff's attempt to hide

---

[8] *Caterpillar Inc. v. Williams*, 482 U.S. at 392.

[9] *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

[10] *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913); *Quinn v. Guerrero*, 863 F.3d 353, 359 (5th Cir. 2017).

[11] *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328 (5th Cir. 2008); *Powers v. South Central United Food & Commercial Workers Unions and Employers Health & Welfare Trust*, 719 F.2d 760, 764 (5th Cir. 1983).

[12] *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. at 809 n. 6.

a federal question.[13] This doctrine applies only when the relevant state law is completely preempted by federal law.[14] In this case, the defendant has not argued that the plaintiffs' claims are completely preempted; therefore, the artful pleading doctrine is not implicated.

Another exception allows the removal of a "special and small category"[15] of cases presenting "an important issue of federal law that sensibly belongs in a federal court."[16] When a plaintiff's complaint states only a state law cause of action, federal question jurisdiction might exist if "the vindication of a right under state law necessarily turn[s] on some construction of federal law."[17] But "the mere presence of a federal issue in a state cause of action does not automatically confer federal-

---

[13] *Roland v. Green*, 675 F.3d 503, 520 (5th Cir. 2012); *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc*., 271 F.3d at 188.

[14] *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008); *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc*., 271 F.3d at 188.

[15] *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006).

[16] *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg*., 545 U.S. 308, 315 (2005).

[17] *Bernhard v. Whitney Nat. Bank*, 523 F.3d at 551 (quoting *Franchise Tax Bd. Of the State of Calif. V. Construction Laborers Vacation Trust for Southern Calif*., 463 U.S. 1, 9 (1983)).

question jurisdiction" over a case.[18] Again, the defendants did not contend that the plaintiff's claim falls within this narrow category of cases.

Instead, the defendants argued that the plaintiff has asserted a federal question because her claim might be interpreted as falling within the scope of Title VII of the Civil Rights Act of 1964 even though the defendants admit that "the Petition is silent as to the applicable law."[19]

A plaintiff is the master of his own complaint.[20] For that reason, a plaintiff may choose to forego available federal-law claims in order to avoid removal from state court.[21] "When a plaintiff has a choice between federal and state law claims, she may proceed in state court on the exclusive basis of state law, thus defeating defendant's opportunity to remove."[22] Even in a situation where both federal and state remedies are available on a given set of facts, there is no basis for removal on

---

[18] *Willy v. Coastal Corp.*, 855 F.2d 1160, 1168 (5th Cir. 1988) (quoting *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. at 813).

[19] Rec. Doc. 14 at 2.

[20] *Caterpillar Inc. v. Williams*, 482 U.S. at 392; *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d at 366).

[21] *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002); *Caterpillar Inc. v. Williams*, 482 U.S. at 398-99.

[22] *Medina v. Ramsey Steel Co.*, 238 F.3d at 680 (internal quotation marks omitted) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d at 366)

the basis of a federal question if the plaintiff elects in his state-court petition to proceed exclusively under state law.[23] "[T]he paramount policies embodied in the well-pleaded complaint rule [are] that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court."[24] These policies protect the proper balance of power between federal and state courts by favoring narrow construction of removal jurisdiction.

In this case, it is undisputed that the plaintiff did not identify any federal statute in his original or amended petitions. But the defendants contend that the petition states a Title VII claim. This Court finds the defendants' arguments to be unpersuasive. The Fifth Circuit has stated that "[w]hen a controversy between the parties may be decided under local law without the necessity of interpreting a federal statute, there is no federal jurisdiction."[25] There is no federal statute cited in the plaintiff's petition, and nothing in the petition shows that the plaintiff is asserting any claims founded upon federal law rather than state law. The plaintiff did not ask

---

[23]  *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995).

[24]  *Caterpillar Inc. v. Williams*, 482 U.S. at 398-99.

[25]  *Hines v. Cenla Cmty. Action Comm., Inc.*, 474 F.2d 1052, 1056 (5th Cir. 1973) (citing *Cabana Mgmt., Inc. v. Hyatt Corp.*, 441 F.2d 862, 864 (5th Cir. 1971)).

the court to interpret a federal statute, to declare any party's rights or obligations under any federal statute, or to remedy a violation of any federal statute.

The defendants cited to Louisiana state cases for the proposition that "courts have routinely looked to the federal court jurisprudence applying federal law, specifically Title VII. . . for guidance."[26] While it is true that a similar framework is used for deciding Title VII cases and Louisiana-law wrongful termination cases, the defendants did not cite a case in which the court held that a case could be removed on the basis of a Title VII claim without the plaintiff having referenced that statute in her state-court petition. This case is similar to *Carpenter v. Wichita Fall Independent School District*,[27] in which the plaintiff sought to recover for an alleged violation of her free speech rights under the Texas constitution. The defendant argued that the suit could be removed under federal-question jurisdiction because the United States Constitution protects free speech. The court disagreed, held that there was no federal character to the suit, and remanded the case. Simply because the plaintiff might have had a federal free speech claim did not mean that such a claim had been asserted in her lawsuit. Similarly, while the plaintiff in this lawsuit might have a claim under Title VII does not mean that she asserted that claim in this

---

[26] Rec. Doc. 14 at 4.

[27] 44 F.3d 362 (5th Cir. 1995).

lawsuit. While this case is not as clear cut as some others because the plaintiff cited neither state law nor federal law in her petition, the well-pleaded complaint rule requires a federal question on the face of the complaint, which is absent in this case.

Accordingly, this Court finds that the defendants have not carried their burden of proving the existence of federal-question jurisdiction.

## **Conclusion**

The defendants have the burden of establishing the existence of the court's subject-matter jurisdiction. The plaintiff's petition alleged a wrongful termination of employment claim but did not identify the statute under which the plaintiff seeks to recover. Absent any reference whatsoever to federal law, the plaintiff's complaint lacks a well-pleaded federal claim. The defendants have failed to satisfy their burden of establishing federal-question jurisdiction, and this action does not fall within the court's diversity jurisdiction. Therefore, for the reasons set forth above, the undersigned recommends that this case should be remanded to the 14th Judicial District Court, Calcasieu Parish, Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[28]

Signed at Lafayette, Louisiana, this 3rd day of June 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[28] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).